

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00098-CR

Juan Guzman **ZUNIGA** Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2006CR5239
Honorable Kristina Escalona, Judge Presiding

Opinion by:    Lori I. Valenzuela, Justice

Sitting:       Irene Rios, Justice
               Beth Watkins, Justice
               Lori I. Valenzuela, Justice

Delivered and Filed: December 18, 2024

AFFIRMED; MOTION TO WITHDRAW GRANTED

On June 21, 2006, appellant Juan Guzman Zuniga Jr. was indicted on one count of sexual assault. The indictment included two enhancement allegations. Zuniga plead not guilty and elected to have a trial by jury. The jury found Zuniga guilty and the two enhancement allegations to be true. The trial court sentenced Zuniga to thirty years' confinement and assessed a $1,500 fine. The trial court certified Zuniga's right to appeal.

The trial court appointed Angela Moore as Zuniga's appellate counsel. On appeal, this court affirmed the trial court's judgment. *See generally Zuniga v. State*, No. 04-07-00729-CR, 2008 WL 4163224 (Tex. App.—San Antonio Sept. 10, 2008, pet. stricken) (mem. op., not designated for publication).

On February 17, 2016, Zuniga filed a *pro se* motion for DNA testing under Texas Code of Criminal Procedure Chapter 64 and sought the appointment of counsel. *See* TEX. CODE CRIM. PROC. art. 64.01–.05. The trial court denied Zuniga's *pro se* motion and request for appointment of counsel. On September 30, 2016, Zuniga filed a second *pro se* motion for Chapter 64 DNA testing and appointment of counsel. The trial court similarly denied Zuniga's second Chapter 64 motion. Zuniga appealed the denial of his second Chapter 64 motion to his court, which this court affirmed. *See generally Zuniga v. State*, No. 04-17-00370-CR, 2018 WL 280521 (Tex. App.—San Antonio Jan. 3, 2018, pet. ref'd) (mem. op., not designated for publication). On October 10, 2023, Zuniga filed a third motion for Chapter 64 DNA testing and appointment of counsel, which the trial court denied. The trial court certified Zuniga's right to appeal and again appointed Moore as Zuniga's appellate counsel.

On appeal, Moore filed a brief in which she concludes this appeal is frivolous and without merit, and requests to withdraw as counsel. The brief demonstrates a professional and thorough evaluation of the record and meets the requirements of *Anders v. California,* 386 U.S. 738 (1967) and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). In her brief, Moore details the lengthy history of this case, including that Zuniga has previously alleged Moore provided ineffective assistance of counsel. Moore additionally opines that an actual conflict may exist.

As required, Moore provided Zuniga with a copy of the brief and informed him of his right to review the record and file his own *pro se* brief. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex.

Crim. App. 2014). Zuniga filed a *pro se* brief, and the State filed a waiver of its right to file a brief. In his *pro se* brief, Zuniga re-urged his ineffective assistance of counsel claims against Moore.

We have thoroughly and independently reviewed the entire record, Moore's brief, and Zuniga's *pro se* brief. We find that (1) no reversible error exists in the record, (2) there are no arguable grounds for review, and (3) therefore the appeal is frivolous. *Anders*, 386 U.S. at 744 (emphasizing that reviewing court-not counsel-determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Because we conclude that the appeal is without merit, we grant the request to withdraw filed by Moore and affirm the trial court's judgment. *See id.*

No substitute counsel will be appointed. Should Zuniga wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed in the Court of Criminal Appeals. *See id.* 68.3. Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* 68.4.

Lori I. Valenzuela, Justice

DO NOT PUBLISH